Citation Nr: 1008496 
Decision Date: 03/08/10 Archive Date: 03/17/10

DOCKET NO. 08-14 937 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas


THE ISSUE

Entitlement to service connection for depression. 


REPRESENTATION

Veteran represented by: Texas Veterans Commission



ATTORNEY FOR THE BOARD

C. Ferguson, Counsel




INTRODUCTION

The Veteran had active service from December 1976 to 
September 1997. 

This matter comes before the Board of Veterans' Appeals 
(Board) on appeal from a rating decision by the above 
Department of Veterans Affairs (VA) Regional Office (RO), 
dated in July 2007.

In the July 2007 rating decision, the RO denied the Veteran's 
claims for service connection of depression, hearing loss, 
and tinnitus. The Veteran filed a timely Notice of 
Disagreement (NOD) in September 2007 with respect to the 
denial of the claims, and a Statement of the Case (SOC) was 
issued in March 2008. The Veteran subsequently filed a 
timely Substantive Appeal in May 2008, only with respect to 
the claim for depression. 

Notably, in an earlier June 2005 rating decision, the RO, in 
pertinent part, had determined that new and material evidence 
had not been submitted to reopen a claim of entitlement to 
service connection for hypertension, and also denied 
increased rating claims involving a low back disability, 
muscle tension headaches, and right wrist disability. The 
Veteran filed a timely NOD with respect to those denials in 
July 2005, an SOC was issued in October 2005, and the Veteran 
subsequently filed a timely substantive appeal in June 2006. 
38 C.F.R. § 20.200. 

The Board notes that the Veteran was awarded service 
connection for hypertension in a November 2008 rating 
decision. Thus, because that issue has been fully resolved 
in the Veteran's favor, it is not before the Board. It is 
also observed that the Veteran has not expressed disagreement 
with either the disability rating or effective date assigned 
for hypertension in the November 2008 rating decision. 

In addition, the Veteran wrote in a Statement In Support of 
Claim, VA Form 21-4138, received by the RO on December 1, 
2008, that he was satisfied with the 20 percent rating for 
his back disability, the 10 percent rating for his chronic 

headaches, and the 10 percent rating for his right wrist 
disability. He noted that he was withdrawing his appeal with 
respect to those issues. There is a handwritten notation on 
said statement that the electronic Veterans Appeals Control 
and Locator System (VACOLS) had been updated and, upon 
review, these issues have been noted in that system to have 
been withdrawn by the Veteran. Consequently, these issues 
also are not before the Board. 

The appeal is REMANDED to the RO via the Appeals Management 
Center (AMC), in Washington, DC. VA will notify the Veteran 
if further action is required. 


REMAND

In the Veteran's June 2006 and May 2008 Substantive Appeals 
to the Board, on VA Forms 9, he indicated that he did not 
desire a Board hearing. However, in the VA Form 21-4138 
subsequently submitted in December 2008, he indicated that he 
wanted to be scheduled for a Board hearing before a Veterans 
Law Judge (VLJ) for his appeal of the issue of service 
connection for depression. Although there is a handwritten 
notation on the statement that the Veteran now wanted a Board 
hearing, a review of the record reveals that no attempt has 
been made to satisfy the Veteran's request for a hearing, and 
there is no indication that his request has been withdrawn. 

Because the Veteran has not yet been scheduled or afforded 
the opportunity to appear for a Board hearing, a remand to 
satisfy the Veteran's hearing request is warranted. Such 
hearings are scheduled by the RO (see 38 C.F.R. § 20.704(a)), 
and the Board is remanding the case for that purpose, in 
order to satisfy procedural due process. Under applicable 
regulation, a hearing on appeal will be granted if an 
appellant expresses a desire to appear in person. 38 C.F.R. 
§ 20.700. The importance of responding to a request for a 
hearing is recognized under 38 C.F.R. § 20.904(a)(3), as a 
Board decision may be vacated when there is a prejudicial 
failure to afford an appellant a personal hearing.



Accordingly, the case is REMANDED for the following action:

After clarifying with the Veteran whether 
he wants to present testimony at a Board 
hearing by videoconference or in person, 
schedule him for the appropriate type of 
Board hearing at the RO before a Veterans 
Law Judge, as the docket permits. A copy 
of the notice to the Veteran of the 
scheduling of the hearing should be placed 
in the record.

The purpose of this REMAND is to satisfy a hearing request. 
The Board does not intimate any opinion as to the merits of 
the case, either favorable or unfavorable, at this time. The 
Veteran has the right to submit additional evidence and 
argument on the matter or matters the Board has remanded. 
Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law 
requires that all claims that are remanded by the Board of 
Veterans' Appeals or by the United States Court of Appeals 
for Veterans Claims for additional development or other 
appropriate action must be handled in an expeditious manner. 
See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2009).



___________________________
ANDREW J. MULLEN
Veterans Law Judge, Board of Veterans' Appeals


Under 38 U.S.C.A. § 7252 (West 2002), only a final decision 
of the Board of Veterans' Appeals is appealable to the U.S. 
Court of Appeals for Veterans Claims. This remand is in the 
nature of a preliminary order and does not constitute a final 
decision of the Board on the merits of the appeal. 38 C.F.R. 
§ 20.1100(b) (2009).



 Department of Veterans Affairs